UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MITCH FINNEY,

    Plaintiff,

v.                                    Case No:   2:17-cv-480-FtM-38CM

CONDEE COOLING &
ELECTRIC, INC.,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Third Amended Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 23)[2] filed on March 5, 2018.  The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

with prejudice. Doc. 23. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and Plaintiff's claim be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement

they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Defendant is a Florida for-profit corporation. Doc. 1 at 1. Plaintiff was employed as a service technician by Defendant. *Id.* ¶ 4. Plaintiff alleges Defendant did not compensate him for the work hours he spent to wait and receive medical attention for a work-related injury in violation of the FLSA. *Id.* ¶¶ 6-7. The parties have since reached the settlement and filed their first motion to approve their settlement agreement. Doc. 16. On January 23, 2018, the Court denied without prejudice this motion because the parties did not provide a copy of their settlement agreement for the Court's review. Doc. 17. They then filed an amended motion to approve their settlement agreement with a copy of the agreement, which the Court also denied without prejudice because the agreement contained a waiver of future employment. Docs. 18, 19 at 2-3. On February 15, 2018, the parties filed a second amended motion to approve their settlement agreement, which the Court again denied without prejudice because the agreement included a confidentiality provision. Docs. 20, 21 at 3-4. On March 6, 2018, the parties filed the present motion with a proposed settlement agreement that did not comply with the Court's prior Orders. Docs. 23, 23-1. Thus, the Court took the motion under advisement and directed the parties to file the correct copy of their latest settlement agreement. Doc. 24.

Defendant filed the corrected settlement agreement as instructed, which is before the Court.  Doc. 25-1.

The parties address the Court's concerns by stating in their settlement agreement that the no future employment provision is "inconsequential" and does not require additional consideration because neither party desires a future employment relationship with the other.  Doc. 25-1 ¶ 8.  Accordingly, the Court recommends the waiver of future employment provision no longer renders the settlement agreement unfair.  See id.; *Cruz v. Winter Garden Realty, LLC*, No. 6:12-cv-1098-Orl-22KRS, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013) (approving the settlement agreement with a waiver of future employment provision because the plaintiff did not desire re-employment).  Furthermore, the agreement no longer contains a confidentiality provision.  Docs. 23 at 1, 25-1.

In the proposed settlement agreement, Defendant agrees to pay Plaintiff a settlement amount totaling $3,500.00 in consideration for his underlying claims for unpaid minimum wages, overtime compensation and liquidated damages.  Doc. 25-1 ¶ 2.  The parties state they conducted sufficient investigation and exchanged enough information to allow their counsel to evaluate the parties' claims and defenses.  Doc. 23 at 4.  They further represent they reached the settlement after Plaintiff received substantial discovery and calculated his damages.  *Id.*  By entering into the agreement, the parties seek to avoid the uncertainties of litigation and litigation costs.  *Id.*  Given the settlement terms, the parties state their agreement is fair and reasonable.  *Id.* at 4-5.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

The Court notes the settlement agreement contains Plaintiff's general release of claims. Doc. 25-1 ¶ 6. In FLSA cases, general releases typically are disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).

This Court as well as other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FtM-CM, 2016 WL 7474571, at *2 (M.D. Fla.

Dec. 29, 2016) (approving the settlement agreement with mutual general releases because the plaintiffs received independent consideration for their individual general releases); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).

In *Weldon*, the court approved a settlement agreement that contained a general release and non-disparagement agreement because they were supported by independent consideration, in addition to the sum the plaintiff would receive from the FLSA settlement. *Weldon*, 2014 WL 4385593, at *4. In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at *3.

Here, Defendant will provide $300.00 in exchange for Plaintiff's general release of claims. Doc. 25-1 ¶ 2. The parties state the general release is important to ensure that no future litigation would arise based on events occurring prior to the Court's approval of the settlement agreement. Doc. 23 at 2. Thus, the Court recommends Defendant's compensation of $300.00 constitutes sufficient independent consideration for Plaintiff's general release. Doc. 25-1 ¶¶ 2, 6; *see Weldon*, 2014 WL 4385593, at *4.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 23 at 2. Defendant agrees to pay Plaintiff's attorney's fees and costs in the amount of $4,200.00. Docs. 23 at 2, 25-1 ¶ 2. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Third Amended Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice be **GRANTED**.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 7th day of March, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 8 -